WILLIAM H. BLACKLER *vs.* WILLIAM BOOTT & others, executors.

The fact that a pecuniary legacy is given to one, who, at the time of making the will, was indebted to the testator upon an open running account, does not raise a presumption that the testator intended to forgive the debt, although a legacy to another person is by the will made conditional upon the payment by the legatee of a debt due from him to the testator equal in amount to that legacy.

A payment made within six years and one month of the creditor's death takes, under the Gen. Sts. *c.* 155, § 10, a debt out of the statute of limitations when sued for by the creditor's executor.

A declaration need not show that the debt declared on is not barred by the statute of limitations.

In an action against an executor to recover a legacy, a debt due from the plaintiff to the testator may be set off against the legacy.

CONTRACT, against the executors of the will of Robert C. Hooper, for a legacy of $5000 given to the plaintiff by the will. Writ dated January 2, 1871.

The defendants in their answer admitted the facts alleged in the declaration, but denied that they owed the plaintiff any part of the legacy, because at the time of the testator's death the plaintiff was indebted to him in a large sum, which was assets of the estate, and ought in law and equity to be applied to the satisfaction and payment of the legacy. They also filed a declaration in set-off for $6685, upon an account annexed, in which the plaintiff was charged with a balance due according to an account rendered December 31, 1862, and interest, and credited with a payment of $100 January 25, 1864, and interest. The plaintiff's answer to the declaration in set-off was, that the cause of action mentioned therein did not accrue within six years of the suing out of the writ.

At the trial in this court, before *Gray*, J., the defendants contended that the statute of limitations did not apply to this case; and, if it did, that the claim stated in the declaration in set-off was taken out of the statute by the payment of $100 thereon.

The plaintiff contended that a debt due to a testator could not be set off in an action against his executors for a legacy; that, by the terms of the will, the debt due to him from the plaintiff was forgiven, and was not to be set off against the legacy; and that

there was nothing to take the defendants' claim in set-off out of the general statute of limitations.

It was agreed that the testator died November 26, 1869, that his will was dated June 7, 1862, that it was duly proved and that letters testamentary issued to the defendants December 22, 1869 ; that the plaintiff was his nephew, and for many years his clerk ; and that his will contained the following provisions :

" First, I give to my friend William Boott, of Boston, five thousand dollars.

" Second, I give to my nephew William H. Blackler five thousand dollars.

" Third, I give to Simon T. Williams, of Boston, one thousand dollars.

" Fourth, I give to my nephew William R. Hooper (provided the sum of one thousand dollars which he now owes me shall be paid) the sum of one thousand dollars, the income of which is to be paid to him during his life, and at his death to his wife and children, or the survivor or survivors of them then living."

By agreement of parties, the only question submitted to the jury was, whether the sum of $100 was paid upon the plaintiff's debt to the testator by the plaintiff's authority after October 27, 1863. The jury, under instructions, to which no exception was taken, found that it was ; and returned a general verdict for the defendants. The questions of law were reserved for the determination of the full court, and for such judgment as law and justice might require.

*H. C. Hutchins & A. S. Wheeler*, for the plaintiff.

*D. Thaxter*, for the defendants.

WELLS, J. There is no presumption, from the mere fact of a pecuniary legacy to one who is indebted to the testator, that it was intended to forgive him the debt, in addition to the legacy. Such an inference will not be drawn from a proviso attached to another legacy in the same will, making it conditional upon payment of a debt of like amount with the legacy; although the provisions of other clauses may doubtless be resorted to for aid in the interpretation, when it is otherwise doubtful. Different circumstances, not disclosed, may require or suggest to the testator different precautions in relation to his several legatees.

In this case, so far as the facts are developed, they seem to us to repel the inference which the plaintiff seeks to have drawn. At the time the will was made, his debt was standing in open account, and was apparently varying and temporary. The effect of the non-payment of principal or interest, or any part of it, for a long time previous to the testator's death, is counterbalanced by the fact, established by verdict of the jury, of a payment of $100 upon the debt after the date of the will.

That payment also takes the debt out of the statute of limitations, as it was made within six years and one month of the testator's death. Gen. Sts. *c.* 155, § 10. It is not necessary that the declaration should show that the debt is not barred. The payment or new promise to take it out of the statute may be shown in reply to the defence setting up the statute.

It is contended that no set-off can be allowed in a suit for a legacy. By Gen. Sts. *c.* 130, § 2, it is provided that "no demand shall be set off unless it is founded upon a judgment or upon a contract, but the contract may be either express or implied." And by § 7 "the set-off shall be allowed in all actions founded upon demands which could themselves be the subject of set-off according to law, and in no others."

By Gen. Sts. *c.* 97, § 22, it is provided that "every legatee may recover his legacy in an action at common law." Rev. Sts. *c.* 66, § 16. St. 1783, *c.* 24, § 17. Under this provision, actions of assumpsit or contract have been repeatedly maintained for the recovery of legacies, whether pecuniary and limited, or residuary; *Swasey* v. *Little*, 7 Pick. 296; *Brooks* v. *Lynde*, 7 Allen, 64; *Miles* v. *Boyden*, 3 Pick. 213; *Jones* v. *Richardson*, 5 Met. 247; *Pollard* v. *Pollard*, 1 Allen, 490; and even for a specific legacy. *Colwell* v. *Alger*, 5 Gray, 67. The law implies the contract; and thus it is brought within the provisions of the statute of set-off.

The plaintiff argues that it is excluded by this further limitation contained in Gen. Sts. *c.* 130, § 3: "No demand shall be set off unless it is for the price of real or personal estate sold, or for money paid, money had and received, or for services done, or unless it is for a sum that is liquidated, or one that may be

ascertained by calculation." That depends upon the question whether the last part of the section describes an additional class of claims that may be the subjects of set-off ; or is a proviso, qualifying and limiting those previously enumerated in the same section. We are satisfied that it was intended to cover an additional class of claims, and not as a proviso of further limitation. It was new in the Revised Statutes, *c.* 96, § 3 ; and it appears from the commissioners' notes that its purpose was to add to the demands authorized to be set off by the previous statutes of 1784, *c.* 28, § 12, and 1793, *c.* 75, § 4, all others which are reduced to a certainty, " whatever may have been the original ground or consideration of them."

The argument is strongly pressed against such set-off, that a legacy is due only when there is a sufficiency of assets, and that to allow a set-off may disturb the equal and just distribution in case of deficiency. But no more difficulty or danger can arise from setting off a legacy than from its recovery in any other mode. The executor is bound to protect the estate and secure equality. If there is a deficiency of assets, he may make that defence to the claim for the legacy, without prejudicing his counter claim by way of set-off. The set-off will apply to so much only of the claim upon the legacy as shall be found to be justly recoverable upon a full settlement of the estate. The set-off may be the only means available to collect the debt due from the legatee. If so, the executor might make himself responsible upon his bond if he failed to secure the assets in that mode. Even if the sufficiency of assets were not and could not yet be ascertained, it might be judicious administration to waive any defence on that ground and secure the set-off, when the debt from the legatee exceeds the amount of the legacy.

On the other hand, where a claim for a legacy is pleaded as a set-off against a suit by the executor for a debt due from the legatee, the pleadings, and the whole conduct of the trial in respect to it, are " governed by the same rules as if an action had been brought thereon." Gen. Sts. *c.* 130, §§ 16, 17.

Under the various provisions of law applicable to such a case in this Commonwealth, there is no need to resort to a bill in

equity; and no practical difficulty in the way of an adjustment of the rights of the parties in one suit at law.

According to the terms of the report, the defendants are entitled to have                     *Judgment on the verdict.*