## GEORGE TAFT *vs.* EDWIN A. LARKIN.

Middlesex.    January 9. — 31, 1878.    AMES & LORD, JJ., absent.

Under the Gen. Sts. *c.* 130, § 3, a demand for money paid cannot be set off, unless it is for a sum that is liquidated, or one that may be ascertained by calculation.

CONTRACT. The defendant filed a declaration in set-off on an account annexed, one item of which was $1000 money paid. The defendant died pending the action, and his administrator appeared. The case was tried in the Superior Court, without a jury before *Rockwell*, J., who ruled that the set-off could not be

maintained, and found for the plaintiff. The defendant alleged exceptions, the substance of which appears in the opinion.

*L. Wallace & W. H. Atwood*, for the defendant.

*F. A. Worcester*, for the plaintiff.

ENDICOTT, J. The only question raised relates to an item of $1000 in the defendant's declaration in set-off, which he contends he is entitled to recover as money paid by his intestate Larkin to the plaintiff. The presiding judge ruled that the defendant could not recover this item, and we must decide, upon the facts found by him at the trial, whether the ruling was correct.

It appears that in December, 1870, the plaintiff, at the request of Larkin, purchased a farm in New Hampshire, and it was agreed between them that Larkin should furnish all the money for the purchase, which was $3400, and that both should be interested in cutting off the wood and lumber. The deed was executed to the plaintiff. Larkin gave to the plaintiff the check for $1000 which is the subject of this controversy, and agreed to pay him the balance of $2400. He did not pay this, but it was raised on the notes of the plaintiff indorsed by Larkin, which were renewed several times. In the year 1871, Larkin exercised acts of ownership over the farm and collected the rents and profits. Before the agreement in relation to cutting off the timber was carried out, Larkin became insane and was taken to an asylum, where he remained unable to transact any business from January, 1872, until his death in 1874.

Owing to the condition of Larkin, the plaintiff was obliged to take up the outstanding notes upon which Larkin was indorser and which he had agreed to pay, and did so by executing a mortgage on the farm for $2500. The rents and profits received from the farm by the plaintiff were not more than sufficient to pay the taxes and other incidental expenses. After repeated attempts to sell the place, the plaintiff was compelled to exchange the equity of redemption for other property which has never yielded him any valuable consideration. The plaintiff testified, and we must presume that the judge found, that whatever he did in relation to the purchase of the property he did at the request and for the benefit of Larkin, and as his agent. The plaintiff did not request of Larkin's guardian, after he became

insane, payment of the $2400, or the fulfilment of the oral agreement concerning the farm. The guardian did not know or consent to the mortgage and sale, and has never offered to pay the $2400 or to save the plaintiff harmless from the obligations he has assumed. But it did not appear whether Larkin's guardian did or did not know of the transaction about the farm.

The terms of the oral agreement, especially that part of it relating to the cutting off the timber, are not fully disclosed, and it is difficult to determine the respective rights of the parties arising out of the conduct of the business, but sufficient appears to show that the sum due to the plaintiff, if any is due, cannot be determined in this manner.

A demand for money paid cannot be set off unless for a sum liquidated, or one that can be ascertained by calculation. Gen. Sts. *c.* 130, §§ 3, 16. The defendant contends that, the plaintiff having mortgaged the farm and sold the equity without consent of Larkin or his guardian, the performance of the agreement relating to cutting the timber became impossible, and there was a complete failure of consideration for the $1000 advanced. See *Dix* v. *Marcy*, 116 Mass. 416.

But we cannot say there was a complete failure of consideration, for it appears that Larkin took the rents and profits in 1871, the amount of which is not ascertained. And assuming, though we do not decide, that the defendant might show a breach of the agreement by the plaintiff, and be entitled therefore to recover the $1000 advanced by way of set-off, from which no rents and profits could properly be deducted, yet it appears that Larkin, while capable of transacting business, and his guardian, after he was insane, failed to perform his part of the agreement, and pay the balance of $2400, or hold the plaintiff harmless on the notes. How far this is capable of explanation on the facts found or upon a more full disclosure of the terms of the agreement, and how far the plaintiff, to whom no fraud is imputed, was justified in his subsequent conduct, are questions to be determined, before the plaintiff can be held liable for a breach of his contract to such extent that the defendant can recover the $1000 advanced.

Several other difficulties and questions proper to be passed upon might be suggested, but enough has been said to show that

the sum which the defendant would be entitled to recover aris-ing out of this transaction must depend not only on the deter-mination of the amount received by Larkin as rents and prof-its of the farm in 1871, but also upon a full examination of the agreement entered into, and of the conduct of the parties dur-ing the whole period. It is evident therefore that, if the de-fendant is entitled to recover anything, the amount is not a liquidated sum or capable of being ascertained by calculation, and cannot be allowed in set-off.

What remedy the defendant may have, it is not for us to indicate ; we decide only that it cannot be had in this form of proceeding.                                    *Exceptions overruled.*