NORWICH AND WORCESTER RAILROAD COMPANY *vs.* COUNTY
COMMISSIONERS OF WORCESTER.

Worcester.   October 1, 1889. — February 26, 1890.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Railroad — Taking of Land for Station Purposes — Taxation.*

A railroad company, as required by the St. of 1884, c. 157, § 1, discontinued its
location over certain land within the limits of its road, used by it for station
purposes, and, as authorized by § 2, took another parcel of land, a narrow strip
of which was within its original location but had been sold by it, outside the
limits of its road "for station purposes, and for tracks and yard room, to be
used in connection therewith." *Held,* that the whole of the parcel was taken
for station purposes, and under the Pub. Sts. c. 112, § 92, and the St. of 1884,
c. 157, § 5, was subject to taxation.

HOLMES, J.   This is a petition for certiorari brought against
the county commissioners for Worcester County, for the pur-
pose of abating a tax upon certain land of the petitioner as-
sessed by the city of Worcester.   The case was submitted to
the county commissioners upon agreed facts, and they sustained
the tax so far as it is in controversy here.   The land taxed is
a single parcel, taken by the petitioner under the St. of 1884,
c. 157, § 2, authorizing it to take so much in a certain region
"as it may deem necessary or suitable for station purposes, and
for tracks and yard room, to be used in connection therewith."
When taken, the land was outside the limits of the petitioner's
road.   A narrow strip of it was within the original location,
but had been sold.   It was all taken for the purpose named
in the act.

By § 5 of the statute, the railroad company, in the exercise of
the powers granted, is to be subject to all the duties, liabilities,
and restrictions which are or may be provided by the general
laws in like cases.   We have no doubt that it was intended to
subject the railroad, among other things, to the general liabili-
ties of railroads to taxation upon land without the limit of their
roads, and taken for station purposes.   Pub. Sts. c. 112, § 92.
Gen. Sts. c. 63, § 20.   See *Worcester* v. *Western Railroad,* 4 Met.
564; *Boston & Maine Railroad* v. *Cambridge,* 8 Cush. 237; St.

1853, c. 351. The words of the Pub. Sts. c. 112, § 92, are, "land without the limits of the route fixed as aforesaid, and taken or purchased for depot or station purposes, shall not be exempt from taxation." It is objected that the petitioner never had its route fixed as provided in that chapter. But for the purposes of the act of 1884, at least, and probably in any case, so far as the present question is concerned, the words quoted are to be read as meaning the same thing as "without the limits of the road" in the Gen. Sts. c. 63, § 20, that is, without the limits of the road not exceeding five rods wide which a railroad corporation may lay out. Pub. Sts. c. 112, § 88. Gen. Sts. c. 63, § 17.

It is objected that the general rule under the cases cited is, that land taken for public uses, under the right of eminent domain, is exempted from taxation unless expressly made subject to it, and that only land taken for depot or station purposes is made subject to it by § 92. However this may be, it is enough to say that we must assume the whole of the present parcel to have been taken for station purposes, since that was the principal purpose for which the taking was authorized by the act, and the tracks and yard room were only incidental. It is not denied that the Legislature has the power to tax the land in question. The fact that this land was to be used for the same purpose as the land over which the petitioner was required by the same act (St. 1884, c. 157, § 1) to discontinue its location, and that the latter was exempt from taxation because within the limits of the road, is merely a dramatic circumstance, and cannot control the plain meaning of the statutes.

It is argued, with somewhat more plausibility, that at least the strip which originally was within the location ought to be exempted. But the fact that it once had been a part of the road does not affect the nature of the present taking. The whole parcel was taken at once for the same purpose, and the statute allows land taken for that purpose to be taxed. If land continuous with the end of the road as laid out were taken for station purposes, it would be liable to taxation. This strip stands in no better case.

*Petition dismissed.*

*T. G. Kent*, for the petitioner.
*F. P. Goulding*, for the respondent.