CHARLES T. WILDER *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Norfolk.    March 9, 1894. — May 18, 1894.

Present : FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Writ of Entry — Alignment of Railroad — Filing by a Railroad Corporation of
Location — Authority of the County Commissioners.*

The Pub. Sts. c. 112, do not authorize a filing by a railroad corporation of a location including land more than five rods in width without authority from the county commissioners.

WRIT OF ENTRY, dated September 30, 1892, to recover a parcel of land in Wellesley. Plea, *nul disseisin*, with a disclaimer of any title to the demanded premises except an easement therein. Trial in the Superior Court, before *Blodgett*, J., who

directed the jury to return a verdict for the demandant, and the tenant alleged exceptions, which, so far as material, appear in the opinion.

*Samuel Hoar*, ( *W. Hudson* with him,) for the tenant.

*G. O. Shattuck & D. C. Linscott*, for the demandant.

KNOWLTON, J.    Under St. 1887, c. 430, a railroad corporation, for the purpose of improving the alignment of its road, may, with the approval of the railroad commissioners, change its location, subject to the general laws in relation " to the fixing of the route of railroads, the laying out of the same, and the taking of land and the payments of damages therefor." The tenant has attempted to change its location, and has complied with the statutes in all particulars except that it has filed a location considerably more than five rods wide without having obtained from the county commissioners authority to take land outside of the location five rods in width.    It desired to construct along its route four tracks.    The road here runs through a cut of such depth that a greater width than five rods is needed for the tracks and the slopes and ditches on each side of them. The principal question before us is whether the tenant could legally take a strip more than five rods in width without the consent of the demandant, and without obtaining authority from the county commissioners.

The language of the Revised Statutes, c. 39, is as follows :

. " § 54.    Every railroad corporation may lay out its road not exceeding five rods wide ; and for the purpose of cuttings, embankments, and procuring stone and gravel, may take as much more land within the limits of its charter, in the manner provided in this chapter, as may be necessary for the proper construction and security of the road.

" § 55.    Every railroad corporation may purchase or otherwise take any land or materials necessary for the purpose of making or securing their railroad ; and if they shall not be able to obtain such land or materials by an agreement with the owner thereof, they shall pay therefor such damages as shall be estimated and determined by the commissioners ; and no land or materials without the limits of said road shall be so taken without the permission of the owner thereof unless the commissioners, on the application of such corporation, and after notice to

the said owner, shall first prescribe the limits within which land or materials shall be taken for the purpose aforesaid."

The provisions of Gen. Sts. c. 63, §§ 17, 19, are substantially the same. The true construction of these sections of the Revised Statutes seems to be that the words " land or materials necessary for the purpose of making or securing their railroad," in § 55, are intended to include land " for the purpose of cuttings, embankments," etc., outside of the location five rods wide referred to in § 54, and it therefore follows, under the last clause of the section, that no such land could be taken under this statute without the permission of the owner unless the county commissioners first prescribed the limits within which to take it. This interpretation has been uniformly given to the statute by the courts. In *Babcock* v. *Western Railroad*, 9 Met. 553, Chief Justice Shaw says : " When it is necessary to take lands of a greater width than five rods, for embankments, deep. cuts, or the supply of materials, a license from the county commissioners is necessary." Language of similar import is found in *Worcester* v. *Western Railroad*, 4 Met. 564 ; *Boston & Maine Railroad* v. *Cambridge*, 8 Cush. 237 ; *Charlestown* v. *County Commissioners*, 1 Allen, 199, 201 ; and *Peirce* v. *Boston & Lowell Railroad*, 141 Mass. 481, 486.

The St. 1874, c. 372, is a revision and codification of the statutes in relation to railroads, including St. 1872, c. 53, which first provided for the incorporation of railroads under a general law. The provisions of this revision which we have occasion to consider were embodied in Pub. Sts. c. 112, without material change. Sections 38 to 42 of this chapter provide for the fixing of the route of a railroad to be constructed by a corporation organized under the general laws. The route is to be fixed by an agreement of the mayor and aldermen of cities and of the selectmen of towns with the directors, and, if they fail to agree, by the decision of the railroad commissioners. All this is to be done before the corporation is organized. The directors are the persons named in the articles of association to act as such until the corporation is organized and directors are chosen at the first meeting. The route must be fixed before the certificate of incorporation can be granted. The fixing of the route works no change of title, and determines nothing in regard to the amount of land which the directors will take

when they file their location. It does not even make it certain that any land will be taken, or that the corporation will ever be organized. The first proceeding which gives the railroad a title to land is filing the location. After the issue of the certificate and the organization under it, and a subscription for capital stock equal to the amount of at least fifty per cent of the cost of the railroad, and a payment to the amount of at least twenty per cent on each share, the corporation under § 45 " may locate its railroad upon the route fixed." Section 88 prescribes the width of the location in these words: " A railroad corporation may lay out its road not exceeding five rods wide." Section 89 requires the corporation to file with the county commissioners within one year " the location of the road as thus laid out." Sections 88 and 89 provide the method of obtaining additional land " for the proper construction and security of the road," and " for depot and station purposes." This is by application to the county commissioners on failure to agree with the owner, and by filing a location of land taken within the limits prescribed by them. The filing of a location is the only method prescribed by the statute in which a railroad corporation can obtain a title to land against the will of the owner. The only authority for filing a location is under the sections above referred to, one of which limits the width to five rods along the route fixed, and the other allows additional land to be taken within the limits prescribed by the county commissioners.

The language of these sections is in substance the same as that quoted from the Revised Statutes, except that under a later enactment it authorizes the taking for depot and station purposes. The cases above referred to are therefore applicable to this statute. Moreover, this very statute has been interpreted in *Norwich & Worcester Railroad* v. *County Commissioners*, 151 Mass. 69. The words, " without the limits of the route fixed," are used alike in §§ 91 and 92, and it is said in that case that these words " are to be read as meaning the same thing as without the limits of the road in Gen. Sts. c. 63, § 20, that is, without the limits of the road not exceeding five rods wide which a railroad corporation may lay out."

It was evidently the opinion of the Legislature that five rods in width would be as much land as railroad companies would

ordinarily need for the construction of a railroad, and that it is as much as a railroad should be permitted to take against the will of the owner without an adjudication by the proper tribunal. The fixing of the route, which is preliminary to the organization of the corporation, is merely prescribing the course along which the road shall run. It does not involve the decision of questions of this kind, and does not relieve the corporation from the necessity of complying with the law if it desires to take land outside of the location which it is permitted to file, or to cross highways at grade, or to do other things which can be done only with the consent of the county commissioners.

*Exceptions overruled.*