FRANK G. NICKERSON *vs.* WILLIAM G. ALLEN, executor.

Plymouth. November 8, 1935. — January 2, 1936.

Present: RUGG, C.J., PIERCE, DONAHUE, & QUA, JJ.

*Adoption. Probate Court*, Requests and rulings, Decree, Appeal.

Since by the law of California a child adopted there would not inherit collaterally, by G. L. (Ter. Ed.) c. 210, § 9, he could not so inherit in this Commonwealth.

A correct decree entered after hearing on the merits of a petition in a probate court was not to be reversed though the judge, at a preliminary hearing of the case, made an erroneous ruling of law which would call for the contrary decree.

PETITION, filed in the Probate Court for the county of Plymouth on June 4, 1934.

The case was heard by *Hitch*, J.

*O. V. Fortier*, (*W. J. Callahan* with him,) for the petitioner.

*J. W. Keith* & *F. G. Katzmann*, for the respondent, submitted a brief.

QUA, J. On June 5, 1933, the Probate Court for the county of Plymouth, after service of a citation by publication, entered a decree allowing the will of Frances Warder, late of Brockton. On June 4, 1934, Frank C. Nickerson, claiming to be the brother by adoption and sole heir of the testatrix, filed a petition, alleging that he had received no notice of the proceedings and praying that the decree be revoked and the will disallowed. See *Goss* v. *Donnell*, 263 Mass. 521. The executor moved that Nickerson's appearance be struck out on the ground that he was not an heir or next of kin. At the hearing it appeared that in 1908 the Superior Court of California had entered an order of adoption whereby the father and the stepmother of the testatrix had adopted said Nickerson as their child and that at the time of said adoption the parties thereto and also the testatrix were residents of California. The judge ruled that "the status of Frank C. Nickerson as an heir must be determined by the law of California," found that under that law he was not an heir of the testatrix nor entitled to inherit her estate, ruled that he was not entitled to contest her will, allowed the executor's motion and dismissed Nickerson's petition. Nickerson appeals.

By G. L. (Ter. Ed.) c. 210, § 9, an inhabitant of another State, adopted as a child in accordance with the laws thereof, upon proof of such fact, is entitled in this Commonwealth to "the same rights of succession to property as he would have had in the state where he was adopted," with an exception not here material. *Ross* v. *Ross*, 129 Mass. 243. It is therefore immaterial that our own statute of adoption gives an adopted child all the rights of inheritance from other children of the adopting parent which a natural child would have. G. L. (Ter. Ed.) c. 210, § 7. *Stearns* v. *Allen*, 183

Mass. 404, 409. The burden, therefore, rested upon Nickerson to prove that under the law of California he was entitled to the inheritance rights of a brother by blood of the testatrix.

The statutes of California under which this adoption was decreed, as of 1908 and at the present time, appear to contain no provision by which the adopted child is given rights of inheritance from children born of the adopting parent. California Civil Code (1931), §§ 221–230. California Sts. (1907), p. 331. California Probate Code (1931), § 257. It is held with great unanimity that in the absence of some indication to the contrary in the statute it is not deemed to have been the legislative intent to create a status which confers upon the person adopted a right to inherit collaterally from blood kindred of the adopting parent. *Keegan* v. *Geraghty*, 101 Ill. 26. *Merritt* v. *Morton*, 143 Ky. 133. *VanDerlyn* v. *Mack*, 137 Mich. 146. *Hockaday* v. *Lynn*, 200 Mo. 456. *Helms* v. *Elliott*, 89 Tenn. 446. *Batcheller-Durkee* v. *Batcheller*, 39 R. I. 45. *Moore* v. *Moore*, 35 Vt. 98. *Estate of Bradley*, 185 Wis. 393. *Shoemaker* v. *Newman*, 65 Fed. Rep. (2d) 208, 214. See *Gammons* v. *Gammons*, 212 Mass. 454. No decision of California courts has been called to our attention (see *Eastern Offices, Inc.* v. *P. F. O'Keefe Advertising Agency, Inc.* 289 Mass. 23) holding that the California statute has such effect. On the contrary the California cases tend strongly toward support of the general current of authority. *In re Darling*, 173 Cal. 221. *Estate of Mercer*, 205 Cal. 506. *Estate of Pence*, 117 Cal. App. 323. *Estate of Jones*, 3 Cal. App. (2d) 395.

There is no merit in the appellant's contention that the judge so bound himself by a ruling made at a preliminary hearing that he could not rule against the appellant at the final trial on the merits. We doubt that he intended to make any ruling in the first instance as to the matters here discussed. If he did he could correct it. *Conway* v. *Kenney*, 273 Mass. 19, 23. This is not like cases in which the trial has proceeded in reliance upon rulings made without objection. In any event we are not bound to reverse decrees

which are now shown to be right. *Freeman* v. *Robinson,* 238 Mass. 449, 452. *Slocum* v. *Natural Products Co.* 292 Mass. 455.

> *Decrees affirmed.*
> *Costs as between solicitor and client to be at*
> *the discretion of the Probate Court.*