MARY L. RYDER *vs.* CLARENCE A. WARREN.

Suffolk.   May 13, 1936. — June 30, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Attorney at Law.   Contract,* Validity.   *Evidence,* Presumptions and burden of proof.   *Practice, Civil,* Findings by judge; Appellate Division: appeal.   *Set-off.*

On evidence that an attorney had rendered certain services to his client, a judge sitting without jury could fix their value without opinion evidence as to that value.

An agreement in writing between an attorney and his client, fixing the amount of the attorney's fee and authorizing him to retain that amount from a sum received by him in settlement of a claim of the client, properly was found not binding on the client if, though objecting to the amount so fixed, he signed the agreement because it was required by the attorney as a condition of payment by the attorney of the balance of the sum so received.

In an action of contract against an attorney at law by a client for a balance alleged to be due from the defendant after deduction of a proper fee for his services from a sum of money collected by him for the plaintiff, set-off by the defendant against the plaintiff for rent was permissible under G. L. (Ter. Ed.) c. 232, § 1.

In an action of contract in a district court, the trial judge erroneously
  ruled that the plaintiff's claim was of such a character that a liqui-
  dated claim by the defendant was not a proper subject of set-off in
  that action, but on the evidence after a full trial found that the plain-
  tiff had paid the defendant all he owed, stating that such finding was
  "to take effect only in case" he was in error in his ruling that the de-
  fendant was "not entitled to pursue a set-off in this action, and for
  no other purpose"; and on the whole case "disallowed" the set-off and
  found for the plaintiff. The defendant claimed a report as to the
  judge's "several findings of fact," but neither party claimed a report
  as to rulings respecting set-off. *Held*, that the judge's finding was
  proper within the provisions of G. L. (Ter. Ed.) c. 231, § 124, and was
  decisive, and that the error in his ruling as to set-off did the defendant
  no harm.

CONTRACT. Writ in the Municipal Court of the City of
Boston dated December 26, 1934.

The action was heard by *Duff*, J. There was extended
testimony as to the nature and extent of services rendered
by the defendant to the plaintiff, but no opinion evidence as
to their value.

Among rulings requested by the plaintiff were the follow-
ing, to which have been appended the judge's action thereon:

"4. If the plaintiff took possession of certain suites in the
building at 780 Beacon Street, Boston, Mass., under an ar-
rangement with the defendant whereby no amount of rent
was fixed and it was the agreement that she should 'go in
and see what she could do' and it was further understood
that she was not to be liable for any claim on account of her
occupancy of said suites above what she obtained from the
sub-letting of rooms in said suites, less such funds therefrom
as she should need for her own support, then the defendant
is not entitled to any payments by the plaintiff beyond such
sums as may have been in her hands under said arrange-
ment." The action of the judge was as follows: "Denied
as to details, but I find plaintiff's only undertaking was to
pay rent when and as she could earn it, and that this she
did, meanwhile doing what she could, to some extent suc-
cessfully, to secure for defendant other tenants."

"5. If the relation of attorney and client existed between
the defendant and the plaintiff at the time of the signing
of the agreement by the plaintiff to allow the defendant a

charge of $1,800 for his services in connection with the handling of the plaintiff's claim in the Brockton matter and if the defendant stated to the plaintiff that the signing of said agreement by her was a condition to his paying her the balance of the money which he held, and if the plaintiff signed said agreement because of her need of said funds and not because of her assent to the reasonableness of said charge, which the defendant knew, then the defendant committed a breach of his fiduciary obligations to her and the agreement was not fairly and honestly obtained and was of no force and effect." The action of the judge was as follows: "Allowed, and so found as to relation of parties as client and attorney, and as to what induced plaintiff to sign the agreement, and as to the agreement being of no force and effect."

Among other requests by the defendant for rulings were the following, to which have been appended the judge's action thereon:

"7. There is not sufficient evidence that there was any agreement entered into for the plaintiff to occupy the premises without paying rent." The judge's action was as follows: "Denied. I find plaintiff's only undertaking was to pay rent when and as she could earn it, and that this she did, meanwhile doing what she could, to some extent successfully, to secure for defendant other tenants."

"11. By reason of the fact that the agreement as to counsel fees, evidenced by the letter of January 4, 1933, antedated the receipt by the defendant of the Nichols check for $3,500, the defendant, to the extent of $1,800 received to his own use the money represented by that check." The judge's action thereon was as follows: "Denied in view of finding that the agreement was of no force and effect."

"16. If there was an oral understanding or agreement between Mr. Warren and Mrs. Ryder that he was to represent her as counsel in the condemnation proceedings in the United States District Court and that the net amount recovered in excess of his charge for services and expenses was to be applied to or be 'security for' her indebtedness for rent, the sum of $3,500 came into his hands charged with

this implied trust or lien, and therefore was received by Mr. Warren to his own use and not to the use of Mrs. Ryder and accordingly the defense of this agreement and the amount due for rent is admissible under the answer of general denial." The judge's action was: "Denied. So found as to representing her as counsel; not so found as to disposition of the amount hoped to be recovered."

"17. Inasmuch as the letter of January 4, 1933, signed by Mrs. Ryder, which admittedly was executed before the proceeds of the $3,500 check came into Mr. Warren's hands, authorizes him to deduct $1,800 for his own fees and to account for the balance, and inasmuch as there was an obligation due him for rent at the time the proceeds of the check came into his hands, he has accounted for the balance by showing that Mrs. Ryder's indebtedness to him for rent exceeded the balance in his hands and therefore the money was not received to Mrs. Ryder's use and this defense is admissible under the general denial." The judge's action was: "Denied. I find the authorization void; I find no obligation due him for rent at the time; I do not find he has accounted for the balance due after his fee."

There was a finding for the plaintiff in the sum of $2,029.30. The defendant claimed a report of the judge's "several findings of fact" and of his action on the defendant's requests for rulings above set out.

At the request of the plaintiff the judge ruled that the "claims set forth by the plaintiff in her declaration are not for an amount which is liquidated or may be ascertained by calculation within the terms of" G. L. (Ter. Ed.) c. 232, § 1; and, in acting upon requests by the defendant ruled in substance that, while the defendant's claim in set-off was of a nature proper to set off against a liquidated claim, it was not a proper subject of set-off "in this action." Neither party requested a report as to these rulings respecting set-off.

A report to the Appellate Division was ordered dismissed. The defendant appealed.

*F. G. Bauer,* (*J. T. Kenney* with him,) for the defendant.

*S. B. LeVine,* for the plaintiff.

LUMMUS, J. The plaintiff was the wife of a former owner

of land in Brockton which was taken by the Federal government. by eminent domain. Never having released her inchoate right of dower, she made claim for compensation. See *Flynn* v. *Flynn*, 171 Mass. 312. The defendant, as her attorney at law, with her consent, on January 5, 1933, received $3,500 in compromise of her claim.

On December 26, 1934, she brought this action of contract to recover a balance of $2,550, computed by deducting from $3,500 payments to her of $450 and by allowing to the defendant a fee of $500. He answered that he had paid the plaintiff in full, but that "if he ever received the sum of" $3,500 he owed a balance of only $1,700 after deducting $1,800 which he claimed to have deducted for services and expenses under written authority from the plaintiff. To cover the balance of $1,700 just mentioned, the defendant filed a declaration in set-off for $450 as money lent (apparently the same amount admitted by the plaintiff as payments), and for $3,750 (less payments of $304) as rent.

The trial judge found that the defendant was entitled to a fee for services and expenses as an attorney of only $1,000. The judge could make that finding even though no witness appraised the value of such services and expenses at that particular amount. *Piper* v. *Childs*, 290 Mass. 560, 563. He could find as he did that the written consent of the plaintiff to the retention by the defendant of $1,800 for services and expenses did not bind the plaintiff, under the doctrine of *Lanigan* v. *Scharton*, 238 Mass. 468.

Of the balance of $2,500, the judge found that the defendant had paid to the plaintiff $480.70, leaving $2,019.30 to be accounted for. He ruled that set-off was not possible, because the plaintiff's claim was unliquidated. Nevertheless the judge found that the plaintiff agreed to pay rent only when and as she could earn it by using her tenement as a lodging house, and that she had paid all the rent that had become due. These findings the judge made "to take effect only in case I am in error in ruling that defendant is not entitled to pursue a set-off in this action, and for no other purpose." On the whole case the judge

"disallowed" the set-off (*Tracey* v. *Grant*, 137 Mass. 181, 182), and found for the plaintiff on her declaration for $2,029.30. This is evidently a clerical error, the correct amount being $2,019.30, but no complaint is made of the amount. The Appellate Division sustained the judge, and the defendant appealed.

The merits of the defendant's claim for rent appear to have been fully tried and determined, although the judge preferred to put his denial of set-off on the technical ground that there could be no set-off against a claim of the sort made by the plaintiff. If that technical ground should fail, the finding against the merits of the defendant's claim was to have effect. The set-off was not, as the defendant contends, put "definitely out of the case" by the ruling of the judge. It was dealt with by an alternative finding. G. L. (Ter. Ed.) c. 231, § 124. That alternative finding that there was no merit in the defendant's claim took effect and must control, for the judge was in error in ruling that there could be no set-off against the plaintiff's claim. The correct result is not to be set aside because the judge reached it by error which can be corrected upon the record. *Nickerson* v. *Allen*, 293 Mass. 136, 138, and cases cited. The plaintiff's claim was for money had and received to her use, with a deduction of what she asserted that she owed the defendant as the fair value of his services and expenses. We assume without deciding that her claim, dependent as it was upon a determination of value, was properly classed as unliquidated. *McGrimley* v. *Hill*, 232 Mass. 462. *Cochrane* v. *Forbes*, 267 Mass. 417, 420, 421. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 222.

To permit set-off, G. L. (Ter. Ed.) c. 232, § 1, requires that each claim shall be "upon a judgment or upon a contract, express or implied, for property sold, for money paid, for money had and received, for services performed and for an amount which is liquidated or may be ascertained by calculation." This section is a condensation, first contained in R. L. (1902) c. 174, § 1, of provisions first appearing in full in Rev. Sts. (1836) c. 96, §§ 1–5, 7. Before 1836, any demand for money had and received, "for goods

delivered, monies paid, or services done" was a subject of set-off. St. 1784, c. 28. St. 1793, c. 75. *Witter* v. *Witter,* 10 Mass. 223. *Richards* v. *Blood,* 17 Mass. 66. *Truesdell* v. *Wallis,* 4 Pick. 63. But various classes of liquidated claims were incapable of set-off. *Stowers* v. *Barnard,* 15 Pick. 221, 223, 224. In that case, decided in 1834, Shaw, C.J., said, "It seems certainly somewhat remarkable, that a provision of this kind, founded upon equitable principles, and intended to prevent circuity of action, should exclude demands for settled and liquidated debts, as those due on judgment or specialty, and extend so as to embrace unliquidated demands for goods and services." The commissioners who prepared the Revised Statutes of 1836 sought to remove this anomaly.

Rev. Sts. (1836) c. 96, §§ 2, 3, made provision for set-off not only of judgment debts, but also of claims liquidated or ascertainable by calculation. The provision for the latter class of claims "was intended to cover an additional class of claims, and not as a proviso of further limitation." *Blackler* v. *Boott,* 114 Mass. 24, 27. *Manufacturers' Finance Corp.* v. *Vye-Neill Co.* 62 Fed. (2d) 625, 631. See also *Ford* v. *Burchard,* 130 Mass. 424; *Allen* v. *Edwards,* 136 Mass. 138, 142; *Gannon* v. *Ruffin,* 151 Mass. 204. The language of the present statute, apart from its history, is not altogether clear. But its history, and its interpretation in *Blackler* v. *Boott,* 114 Mass. 24, show that a claim "for property sold,, for money paid, for money had and received, [or] for services performed" need not be liquidated or ascertainable by calculation in order to be within the statute as to set-off. The claim of the plaintiff, as well as that of the defendant, was within that statute.

The statement in *Taft* v. *Larkin,* 123 Mass. 598, 600, that "A demand for money paid cannot be set off unless for a sum liquidated, or one that can be ascertained by calculation," appears unnecessary to the decision of that case. Apparently *Blackler* v. *Boott,* 114 Mass. 24, was overlooked. Statements in other opinions, to the effect that set-off is restricted to liquidated demands, must be applied to the cases in which such statements were made, and not taken

as universally true. *Soares* v. *Weitzman,* 281 Mass. 409, 411. *Tegelaar Brothers, Inc.* v. *Hanflig,* 286 Mass. 363, 366.

Nothing in the requests for rulings requires further discussion.

*Order dismissing report affirmed.*