IRENE FITZGERALD RATHGEBER *vs.* MAY A. KELLEY.

Middlesex. November 3, 1937. — February 10, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Actionable Tort. Practice, Civil,* Requests, rulings and instructions; Exceptions: materiality.

No liability in tort was imposed upon the owner of real estate because of damage sustained by a mere licensee thereon by reason of nonperformance by the owner of a gratuitous promise to repair.

A warranted finding in an action of tort based on negligence, that the plaintiff was only a licensee in a kitchen maintained by the defendant, the proprietor of a lodging house, when she was injured by a defect there, and a finding for the defendant, rendered immaterial an erroneous ruling that the "defendant's duty of care towards the plaintiff was the duty that is owed to a business visitor or guest as distinguished from a social guest or bare licensee."

TORT. Writ in the Third District Court of Eastern Middlesex dated November 1, 1935.

On removal to the Superior Court, the action was heard without a jury by *Williams*, J., who found for the defendant. The plaintiff alleged exceptions.

*R. J. Curran*, for the plaintiff, submitted a brief.

*J. H. Gilbride*, for the defendant.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained as a result of a fall, caused by a defective condition of the linoleum covering

on the floor of a service kitchen in the defendant's premises, which were used by her as an inn or lodging house. The case was heard by a judge of the Superior Court sitting without a jury. He found that the plaintiff was only a licensee while in said kitchen, and found for the defendant. It was admitted that the defendant was in control of the premises and that the plaintiff was a paying guest of the defendant. The evidence, however, was conflicting as to whether under the terms of the arrangement between the plaintiff and the defendant the former was granted the use of the kitchen. The linoleum covering on which the plaintiff tripped and was injured, when she had gone to the kitchen to get some orange juice, had been torn in the course of the installation of an electric refrigerator about nine days before the accident. The plaintiff had brought the condition to the attention of the defendant who promised to repair it, but did not do so. There was evidence that would warrant a finding for the defendant. At the close of the evidence the plaintiff filed twenty-two requests for rulings. The judge granted twelve and denied ten. Some of the rulings denied had no pertinence to the facts of the case, being predicated on wanton and reckless conduct of the defendant which had not been alleged by the plaintiff. *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344. The other requests which were refused were based on assumptions of facts which were not in accord with those found by the judge and were properly denied. *Jaquith* v. *Morrill*, 204 Mass. 181. *Means* v. *Cotton*, 225 Mass. 313. *Stein* v. *Almeder*, 253 Mass. 200, 205. *Mahoney* v. *Norcross*, 284 Mass. 153. The plaintiff having been found to be a licensee as to the place of the injury, the defendant was not liable for the result of her negligence. *Gravelle* v. *New York, New Haven & Hartford Railroad*, 282 Mass. 262, 267. *Brosnan* v. *Koufman*, 294 Mass. 495. Her promise to repair was gratuitous and its nonperformance imposed no liability upon her. *Gill* v. *Middleton*, 105 Mass. 477. The instant case is distinguishable from such cases as *Riley* v. *Lissner*, 160 Mass. 330, *Buldra* v. *Henin*, 212 Mass. 275, *McLeod* v. *Rawson*, 215 Mass. 257, *Bergeron* v. *Forest*, 233 Mass. 392, and *Bell* v.

*Siegel*, 242 Mass. 380, where the effect of a negligent performance of the promise to repair is stated.

The judge granted the plaintiff's request numbered 2, that "The defendant's duty of care towards the plaintiff was the duty that is owed to a business visitor or guest as distinguished from a social guest or bare licensee." The judge found, however, as before stated, that the plaintiff was a licensee in the place of the accident. This finding was supported by the evidence, and in its light the ruling was incorrect. But, when a ruling of law is given which is erroneous because not applicable to the facts found by the judge, a new trial will not be ordered where it is clear that a just decision has been made under the principles of law appropriate to the facts found to be true. *Freeman* v. *Robinson*, 238 Mass. 449, 452. *Slocum* v. *Natural Products Co.* 292 Mass. 455, 458. *Louka* v. *Park Entertainments, Inc.* 294 Mass. 268, 272. *Nickerson* v. *Allen*, 293 Mass. 136, 138–139. *Ryder* v. *Warren*, 295 Mass. 24, 29. *Alderman* v. *Noble*, 296 Mass. 30, 33.

*Exceptions overruled.*