Louis N. Cousbelis *vs.* Daniel Alexander.

Middlesex.    March 6, 1944. — March 29, 1944.

Present: Field, C.J., Lummus, Dolan, Ronan, & Wilkins, JJ.

*Frauds, Statute of. Contract,* Sale of real estate, Performance and breach.
*Practice, Civil,* Appellate Division: appeal; Judgment ordered in Supreme Judicial Court. *Error,* Whether error harmful.

A check, wholly in the handwriting of a prospective purchaser of real
estate, payable and delivered to the prospective seller and stating on
its face, "Deposit for land in . . . [specifying a town and a street]
price 32 cents a foot," was, within the statute of frauds, G. L. (Ter.
Ed.) c. 259, § 1, Fourth, a sufficient memorandum of an oral contract previously made for the sale at thirty-two cents per foot of a
parcel of land on the street so named, the only land owned by the prospective seller in that town.

In a proceeding at law by the prospective seller under an oral contract
for the sale of land against the prospective purchaser for breach of
the contract, physical changes in the property made by the prospective purchaser could not be considered as part performance with
respect to the statute of frauds.

An order by an Appellate Division, vacating a finding for a plaintiff in
set-off and ordering judgment for the defendant in set-off because of
error in the ground stated by the trial judge as that upon which he
disposed of requests for rulings by the defendant in set-off, was reversed by this court, and judgment for the plaintiff in set-off was
ordered on the finding, where the trial judge's disposition of the
requests was correct although not for the reason stated by him.

Contract. Writ in the Third District Court of Eastern
Middlesex dated November 14, 1942.

The plaintiff, in answer to the defendant's declaration in
set-off, pleaded the statute of frauds.

The case was heard by *Walcott,* J.

*L. W. Cooch,* for the defendant.

*H. Hoffman,* for the plaintiff, submitted a brief.

Wilkins, J.    The defendant declared in set-off for breach
of a contract to buy real estate.    The district court judge
made a finding for the defendant.    The Appellate Division
vacated the finding and ordered judgment for the plaintiff.
The defendant appealed.

Whether the defendant's cause of action is properly one

for set-off (see *Ryder* v. *Warren*, 295 Mass. 24) is not before us. No point of pleading was raised before the trial judge. See *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 458.

The only question is the sufficiency of a memorandum under the statute of frauds (here G. L. [Ter. Ed.] c. 259, § 1, Fourth). The trial judge's findings show the following: The defendant was the owner of three lots, comprising fourteen thousand three hundred square feet, on Galvin Road, Watertown. This was the only land he owned in Watertown. The defendant orally agreed to sell, and the plaintiff to buy, this land at thirty-two cents per square foot. On September 1, 1941, the plaintiff handed the defendant a check for $200, payable to the defendant, wholly in the plaintiff's handwriting, on the face of which was written, "Deposit for land in Galvin Road, Watertown price 32 cents a foot." The defendant cashed the check, and the plaintiff "proceeded to dump" on the land. The plaintiff later repudiated the agreement. Both parties testified that the plaintiff filled a cellar hole and changed the surface.

We are of opinion that the memorandum was sufficient to satisfy the statute of frauds. It "need not be a formal document intended to serve as a memorandum of the contract; but it must contain the terms of the contract agreed upon — the parties, the locus (if an interest in real estate is dealt with), in some circumstances the price, . . . and it must be signed by the party to be charged or by some one authorized to sign on his behalf." *Des Brisay* v. *Foss*, 264 Mass. 102, 109. In the nature of things there is no reason why the memorandum cannot be written on a check. "The form of the memorandum is immaterial, if its contents adequately set forth the agreement." *Hurley* v. *Brown*, 98 Mass. 545, 546. In *Little* v. *Pearson*, 7 Pick. 301, a valid memorandum was written on a promissory note. The payee and the maker of the check in the present case are sufficiently identified as the seller and the purchaser, respectively. In *McGovern* v. *Hern*, 153 Mass. 308, and *Lewis* v. *Wood*, 153 Mass. 321, relied upon by the plaintiff, the seller was not named or described with reasonable certainty. In *Sanjean* v. *Miller*, 248 Mass. 288, the form of the memorandum was

such as to cast doubt upon the identity of the purchaser, and no price whatsoever was given. The locus is sufficiently described. It was on a definitely located street and was all the land the defendant owned on it. "When a seller of land owns only one estate which answers the description given in a memorandum, that must be taken to be the estate to which the memorandum refers, and a memorandum that contains only a slight description of such an estate will satisfy the requirements of the statute of frauds." *Michelson* v. *Sherman*, 310 Mass. 774, and cases cited at page 776. *Doherty* v. *Hill*, 144 Mass. 465, 467. Am. Law Inst. Restatement: Contracts, § 207, Illustration 9. The statement of a unit price per foot is enough. "In the memorandum required to take a contract for the sale of lands out of the statute of frauds, the price may be stated in any words or figures which clearly indicate, as applied to the subject, what that price is." *Gowen* v. *Klous*, 101 Mass. 449, 454. A time for performance need not be set forth. The law will imply a reasonable time. *Nickerson* v. *Bridges*, 216 Mass. 416, 420. *Michelson* v. *Sherman*, 310 Mass. 774, 776. *Church* v. *Lawyers Mortgage Investment Corp. of Boston*, *ante*, 1, 6. There is no variation between the oral contract and the memorandum because the declaration in set-off alleged October 1 as the date for performance. The trial judge did not find that the oral agreement contained any date for performance. The principle of *Fichera* v. *Lawrence*, 312 Mass. 287, therefore, does not apply.

The agreement is not defective as failing to show the kind of transaction agreed upon. The word "price" on these facts is consistent only with a sale of the property. It is "The consideration in money given for the purchase of a thing." Bouvier's Law Dictionary. See *De L'Isle* v. *Moss*, 34 La. Ann. 164, 167; *Good* v. *Erker*, 170 Mo. App. 681, 690; *Hudson Iron Co.* v. *Alger*, 54 N. Y. 173, 177; *Scott* v. *People*, 62 Barb. S. C. 62, 72; *Guy* v. *McDaniel*, 51 S. C. 436, 440; Williston on Contracts (Rev. ed.) § 574; 49 C. J. 1345. "Price" is not an appropriate word to refer to payments as tenant under a lease, which are commonly denominated "rent." See *Guild* v. *Sampson*, 232 Mass. 509, 513; *Whiting*

*Paper Co.* v. *Holyoke Water Power Co.* 276 Mass. 542, 547. Nor does "price 32 cents a foot" indicate an option in the circumstances.

The trial judge correctly denied the plaintiff's requests for rulings to the effect that the memorandum was insufficient. He was in error, however, in stating, "I find that the check constituted a sufficient memorandum in connection with the physical alteration of the surface of the land to satisfy the Statute of Frauds." The memorandum was enough by itself, and the physical alteration could not be considered for two reasons: (1) Part performance is recognized only in equity. *Montuori* v. *Bailen,* 290 Mass. 72, 75. (2) Such performance must be by the party seeking to enforce the oral contract. *Glass* v. *Hulbert,* 102 Mass. 24, 31. *Palumbo* v. *James,* 266 Mass. 1, 3.

The Appellate Division thought that this error in some way tainted the trial judge's otherwise correct denial of the plaintiff's requests. We are unable to follow this conclusion. The right result is not to be set aside because it was reached by error which can be corrected on the record. *Ryder* v. *Warren,* 295 Mass. 24, 29.

The order of the Appellate Division is reversed, and judgment is to be entered for the defendant on the declaration in set-off on the finding of the trial judge.

*So ordered.*