Dissenting opinion by
ZOTTOLI, J.
I cannot concur in the conclusion reached by the majority of *[66] the justices in this case. It appears from the report that the trial judge made specific findings of fact. There is no Contention that these findings were not supported by the evidence. There appears to be no dispute as to the essential factors which are determinative of the outcome of the case. Under these circumstances the issue presented is basically one of law, not fact.
The judge’s findings, stripped of unessential matter, are that "on January 1, 1948, the plaintiff through its representative went to the defendant’s place of business desiring to buy a new Dodge car, that new cars at that time were very scarce, thafcthe defendant had only one new Dodge car which was shown to the plaintiff, that the plaintiff inquired if it had super cushion tires and on being told that it had said that was what he wanted. The plaintiff returned the next day and purchased the car paying for it. The defendant gave the plaintiff a bill of sale of the car. The bill of sale stated that the car was a 1947 model. The plaintiff called this to the attention of the defendant and the defendant then had the bill of sale changed to read 1948 model. The automobile had been delivered to the defendant by the manufacturer within fifteen days from the date of sale. It differed from the other 1947 models previously delivered to the defendant by having super cushion tires. The serial number of the automobile was 30998890. About January 15, 1948, the defendant received a letter from the Chrysler Corporation, Dodge Division, stating that effective January 2, 1949, Dodge cars beginning with the serial number 31011766 ‘will be considered for registration purposes to be of the 1948 series’. — that there was no difference between the car sold to the plaintiff and a 1948 model other than that the serial number was a smaller number than 31011766. —"
It is apparent from this brief analysis of the findings that there was no breach of warranty. A perusal of the bill of sale discloses that the car sold was “Type 1948 Dge. 2 dr. Sedan Motor No. D24-377814 Serial No. 30998890. —” From the judge’s findings it appears that the plaintiff received the type of car described in the bill of sale. The fact that thereafter “about January 15, 1948, the defendant received a letter from the Chrysler Corporation, Dodge Division, stating that effective January 2, 1949, Dodge cars be *[67] ginning with the serial number 31011766 will be considered for registration purposes to be of the 1948 series did not affect the agreement of the parties made before the letter was received. The defendant did not warrant what the serial number would be for “registration purposes.” What it warranted is the "type” of car it sold the defendant. The judge’s finding shows that the “type” warranted by the defendant was the “type” received by the plaintiff. Under these circumstances the general finding for the defendant was not only warranted, but also required as matter of law. This being so, the action of the court on the plaintiff’s requests for rulings becomes only of academic value, for it is well established that a correct final decision by a trial judge will be sustained even though the ground stated for it may be unsound. Randall v. Peerless Motor Car Co., 212 Mass. 352, 384; Means v. Cotton, 225 Mass. 313, 318; White v. E. T. Slattery Co., 236 Mass. 28, 35, 36; Nickerson v. Allen, 293 Mass. 136, 138, 139; Ryder v. Warren, 295 Mass. 24, 29; Cousbelis v. Alexander, 315 Mass. 729, 732; Assessors of Boston v. Boston, Revere Beach & Lynn R. R., 319 Mass. 378, 379. For these reasons I feel that the trial judge’s general findings was without error and that the report should be ordered dismissed.
Guterman & Guterman, Atty. for plff.
M. Harry Goldburgh, Atty. for deft.