ALFRED J. BOUVIER & another vs. ALBINA B. L'EVEQUE.

Middlesex.    March 8, 1949. — June 30, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Frauds, Statute of.    Contract, For sale of real estate.*

An agreement between the owner of and one orally contracting to pur-
chase a store and apartment block, that the owner should occupy at
a stated monthly rental certain rooms therein, was not collateral to
but was a part of the oral contract of sale and purchase, and the
statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, prevented
enforcement by the prospective purchaser of the entire contract where
a memorandum thereof signed by the owner did not contain any
allusion to such tenancy.

BILL IN EQUITY, filed in the Superior Court on May 10,
1948.

The suit was heard by *Dowd*, J.

*E. T. Simoneau*, for the plaintiffs.

*J. B. Sullivan*, (*R. H. Beaudreau* with him,) for the
defendant.

WILKINS, J.    This is a bill in equity for the specific per-
formance of an agreement to sell a piece of real estate in
Marlborough, with the buildings thereon consisting of a
three-story store and apartment block and a garage.    From
a final decree dismissing the bill the plaintiffs appealed.    The
evidence is reported.

The judge found that the defendant owns the real estate,
which is at the corner of Lincoln and Cross streets, Marl-
borough, and owns no other real estate in that city.    He
also found that on or about February 26, 1948, the plain-
tiffs and the defendant entered into an oral agreement for
the purchase and sale of the real estate, and that on that
day the defendant signed a memorandum reading, "2/26/48
Received of Alfred J. Bouvier and Violette R. Lawrence the
sum of $500 as down payment for the sale of all the L'Eveque

property for $27,000.   Balance due when final papers are signed.  [Signed] Albina B. L'Eveque."   Other findings are that no formal agreement was entered into between the parties; that a dispute arose between them as to the occupancy by the defendant, as tenant, of part of the premises; that they "never reached a final understanding as to this matter"; and that "there was no meeting of the minds as to any final terms of sale."

The fundamental questions are what were the detailed provisions of the oral agreement which the judge found in general terms to have been made and whether the memorandum thereof was sufficient within the statute of frauds. G. L. (Ter. Ed.) c. 259, § 1, Fourth.   The dispute as to the tenancy, under a reasonable interpretation of the findings, must relate to a date subsequent to that of the oral agreement, which would not be affected by a failure of the minds later to meet on any subject.

The contract alleged in the bill of complaint is substantially similar to that found by the judge with the addition that "it was further agreed that the . . . [defendant] was to occupy the three rear rooms of the northwest apartment on the second story of the said store and apartment building of which the . . . [defendant] was and is now in occupancy, together with a compartment or stall in the garage also located on said real property at a monthly rental of $30."   The defendant's answer, among other things, alleges that she made the sale on condition that she was to occupy "the six room apartment on the second floor in the westerly half of the said building with the front and rear porches and stairways appurtenant thereto and one stall in the garage located on the property at the monthly rental of $30 for and during the rest of the defendant's natural life."   There was evidence which would have supported a finding that either the contract alleged by the plaintiffs or that alleged by the defendant had been made prior to February 26.   In either event the memorandum does not contain any allusion to the tenancy whichever its terms.   The defendant testified that she told one of the plaintiffs that she "would

sell . . . on one condition, that I stay here for the rest of my days, for $30 in the same apartment, six rooms and garage for $30 for the rest of my days." If the judge believed the oral contract was as testified by the defendant, plainly the plaintiffs cannot prevail on the allegations of their bill. If, on the other hand, the judge believed the contract was as testified by the only one of the plaintiffs who was a witness, the plaintiffs still cannot prevail. In order to enforce an oral contract within the statute of frauds there must be proof both of the existence of the oral contract itself and of the independent and additional fact of a memorandum in writing containing the terms of the same oral contract in so far as it is sought to enforce them. Fichera v. Lawrence, 312 Mass. 287, 288, and cases cited. In our opinion, the mutual promises alleged in the bill with respect to the tenancy to be retained by the defendant were not collateral to, but were a part of, the oral contract, and their absence from the memorandum is fatal to the enforcement of the contract.

The judge reached the right result albeit the reasons given may have been wrong. Cousbelis v. Alexander, 315 Mass. 729, 732.

Decree affirmed with costs.