BENJAMIN A. STEIN, administrator, *vs.* FLETCHER CLARK, JUNIOR, administrator, & others.

Barnstable.   December 6, 1950. — February 6, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Probate Court,* Revocation of decree.

None of the reasons for which a Probate Court decree may be revoked or modified appeared on the record of a petition that an order for distribution in an intestate's estate and a subsequent decree for allowance and recording of the payments be revoked or modified on the alleged ground that one of the distributees had been adopted in another State under whose laws he was not entitled to inherit from the intestate.

PETITION, filed in the Probate Court for the county of Barnstable on December 14, 1948, for "Amendment of Decree for Distribution."

The case was heard by *Campbell,* J., who entered a decree dismissing the petition without prejudice.   The petitioner appealed.

*B. A. Stein,* for the petitioner.

No argument nor brief for the respondents.

WILKINS, J.   Pursuant to an order of distribution, dated October 8, 1935, Fletcher Clark, Junior, administrator of the estate of William H. Shepardson, late of Sandwich, deposited $701.84 in Bass River Savings Bank for Frank Flynn, who was the son of Annie Flynn, a deceased sister of the intestate.   The order required "written notice by mail or otherwise," to each person named therein of the amount due.   The administrator duly reported that he had made payment according to the order, and on July 14, 1936, a decree was entered that the payments be allowed and recorded.   G. L. (Ter. Ed.) c. 206, §§ 21, 22.   Annie Flynn had one other child, James Flynn, who is now deceased, and of whose estate Benjamin A. Stein is the administrator.   A

sum of $701.83 was also deposited in the bank for James Flynn. This is an appeal by Benjamin A. Stein, as such administrator, from a decree dismissing without prejudice his petition, entitled "Petition for Amendment of Decree for Distribution."

The petition, after reciting the foregoing, sets up that on August 8, 1903, Frank Flynn was legally adopted in the Court of Common Pleas of Allegheny County, Pennsylvania, by John J. Bauman and his wife, Ada Bauman, and his name was changed to Frank William Bauman; that on February 26, 1934, the date of death of William H. Shepardson, the laws of descent and distribution of the State of Pennsylvania provided that "adopted persons should not be entitled to inherit or take from or through their natural parents, grandparents or collateral relatives"; that for that reason Frank Flynn was not entitled to inherit from the estate of his uncle; and that if Fletcher Clark, Junior, the administrator of the uncle's estate, had known of the fact of the adoption, Frank Flynn would not have been included "as one of the heirs at law and distributees." The prayer of the petition was that the court amend the "decree" of October 8, 1935, "by ordering that the distributive share which was due to the children of Annie Flynn . . . was due and payable" to James Flynn; and that the court order Bass River Savings Bank to pay over the $701.84 to the petitioner as administrator of the estate of James Flynn. No reference was made to the decree of July 14, 1936.

In a report of material facts found by him the judge said: "The facts are not much, if any, in dispute; the only problem is a question of law, and I found that this nephew, who is one of the next of kin of said deceased, was entitled to his distributive share notwithstanding the boy had been adopted in the State of Pennsylvania. The deceased was a resident of Massachusetts and I found that the law of distribution was governed by the laws of Massachusetts. I found the law of Pennsylvania could not take [away] the rights of the adopted boy from inheriting from his natural parents or kindred." We interpret this as stating that the judge, as

matter of law, ruled that the petitioner was not entitled to prevail. The decree, being without prejudice, however, indicates that no actual adjudication was made. *Ogens* v. *Northern Industrial Chemical Co.* 304 Mass. 401, 402–403.

The petition, without too much regard to its title, is to be treated according to its substance as a petition to revoke or modify the order of October 8, 1935, and the decree of July 14, 1936. *Hays* v. *Georgian Inc.* 280 Mass. 10, 15. *Essex Trust Co.* v. *Averill*, 321 Mass. 68, 70. *Metropolitan Transit Authority* v. *Railway Express Agency, Inc.* 323 Mass. 707, 709. *Hacker* v. *Beck*, 325 Mass. 594, 595–596.

A probate decree may be revoked or modified on petition for any reason that would warrant a bill of review in equity, but not for other reasons. *Royal* v. *Royal*, 324 Mass. 613, 618, and cases cited. The ground most pertinent to the case at bar is newly discovered evidence not reasonably susceptible of having been presented at the hearing. *Mackay* v. *Brock*, 245 Mass. 131, 133–134. *Counelis* v. *Andreson*, 299 Mass. 382. Such newly discovered evidence must be evidence that the party seeking the review had no reasonable opportunity to present before the entry of the final decree. *Curley* v. *Boston*, 312 Mass. 58, 60, and cases cited. The petition makes no such allegation. It merely states that had the administrator of the estate of William H. Shepardson known of the fact of the adoption, Frank Flynn would not have been included "as one of the heirs at law and distributees." There is no allegation with respect to James Flynn, the party in whose right this petition has been filed. See *Nelson* v. *Bailey*, 303 Mass. 522, 524. On this record, notice was sent to all persons named in the order. That James Flynn did not respond and his share also was deposited in Bass River Savings Bank does not aid the petitioner. It does not appear that there was a failure to appear because of mistake. See *Jones* v. *Jones*, 223 Mass. 540; *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 423. There is no error of law apparent on the face of the record, as in *Theberge* v. *Howe*, 314 Mass. 22.

We conclude that the petition to revoke or modify will not lie. The ruling of the judge was correct without regard to the reason given. *Ryder* v. *Warren*, 295 Mass. 24, 29. *Cousbelis* v. *Alexander*, 315 Mass. 729, 732. *Bouvier* v. *L'Eveque*, 324 Mass. 476, 478.

We do not reach the question of law discussed by the judge. We need not elaborate the view we might take were we confronted with that question in an appropriate case. See, however, G. L. (Ter. Ed.) c. 210, § 9; Purdon's Pa. Sts. Title 20, § 102; *Zoell's Estate*, 345 Pa. 413; *Crossley's Estate*, 135 Pa. Super. Ct. 524; *Hood* v. *McGehee*, 237 U. S. 611; *Ross* v. *Ross*, 129 Mass. 243, 267–268; *Nickerson* v. *Allen*, 293 Mass. 136; *Cobb* v. *Old Colony Trust Co.* 295 Mass. 338.

*Decree affirmed.*