THE AGRICULTURAL NATIONAL BANK OF PITTSFIELD,
executor, *vs.* ALICE LOUISE WOOD BERNARD
(and two companion cases[1]).

Berkshire.  September 25, 1958. — November 7, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& CUTTER, JJ.

*Probate Court*, Revocation of decree. *Will*, Revocation.

A will never found but proved to have been duly executed and to have
  contained a clause revoking all prior wills would effect a revocation
  of the prior wills under G. L. c. 191, § 8, even though the other con-
  tents of the missing will were unknown. [56]
Ground for revocation of a Probate Court decree allowing a will was
  shown by a petition thereafter brought alleging due execution of a
  later will containing a clause revoking all prior wills and that infor-
  mation concerning the later will did not come to the petitioner's
  attention until after entry of the decree. [57]

---

[1] The companion cases are The Agricultural National Bank of Pittsfield,
executor, *vs.* Alice Louise Wood Bernard and Alice Louise Wood Bernard *vs.*
The Agricultural National Bank of Pittsfield, executor, & others.

PETITIONS by the executor of the will of Mary Anna Wood, late of Pittsfield, for sale of personal property and for sale of real estate, filed in the Probate Court for the county of Berkshire on April 16, 1957, and May 10, 1957, respectively.

PETITION for revocation of the decree allowing the will and a codicil thereto, filed on May 14, 1957, by Alice Louise Wood Bernard.

Alice Louise Wood Bernard appealed from decrees entered by *Hanlon,* J., authorizing the sale of the personal estate and of the real estate and sustaining demurrers to and dismissing the petition for revocation.

*Stephen B. Hibbard,* for Alice Louise Wood Bernard.

*John A. MacGruer, Jr.,* for The Agricultural National Bank of Pittsfield, executor (*Frederick M. Myers, Jr.,* for Pittsfield Young Men's Christian Association, with him,).

SPALDING, J. In her petition to revoke a decree of the Probate Court allowing a will and codicil of the late Mary Anna Wood of Pittsfield, the petitioner Bernard alleged the following: The testatrix died on April 11, 1956, leaving the petitioner as her sole heir at law and next of kin. A will dated January 2, 1953, and a codicil thereto dated January 6, 1953, were presented for probate by The Agricultural National Bank of Pittsfield, the executor named in the will. The petitioner filed an appearance against their allowance.[1] Subsequently the petitioner withdrew her appearance and the will and codicil were duly admitted to probate by a decree dated November 19, 1956. The petitioner "has recently been informed" that the testatrix duly executed another will subsequent to January 6, 1953, when the codicil to the will admitted to probate was executed. It is alleged upon information and belief that, although the original of this later will has never been found, it contained a clause revoking all prior wills.

To the foregoing petition the executor and one of the legatees demurred. The grounds of the demurrers are (1) that the petition is insufficient in law; (2) that the matters

[1] It appears elsewhere that the petitioner was given $1 under the will and codicil.

set forth in the petition are res judicata, the petitioner having been a party in the prior proceedings; and (3) that the petitioner by failing to appeal from the decree in the prior proceedings cannot maintain the present petition.

A decree was entered sustaining the demurrers and dismissing the petition. The petitioner appealed.

The petitioner's position, as we understand it, is in substance this. The revocation clause in the later will revoked the will and codicil which were admitted to probate, even though the other contents of the second will are unknown. Hence the testatrix died intestate and the petitioner, as her sole heir and next of kin, is entitled to her estate.

In this Commonwealth one of the methods of revoking a will — and the only one here material — is by "some other writing signed, attested and subscribed in the same manner as a will . . . ." G. L. c. 191, § 8. In *Wallis* v. *Wallis*, 114 Mass. 510, the contestant offered to prove that a later will existed, but beyond the fact that it revoked the will being offered for probate, its contents were not known. The court per Gray, C.J., said at page 512, "[W]hen an instrument of revocation is in existence and capable of being propounded for probate, its validity should be tried by a direct proceeding instituted for the purpose in the Probate Court. . . . If it can be proved that a later will was duly executed, attested and subscribed, and that it contained a clause expressly revoking all former wills, but evidence of the rest of its contents cannot be obtained, it is nevertheless a good revocation . . . ." This language was quoted with approval by Knowlton, C.J., in *Giles* v. *Giles*, 204 Mass. 383, 387. See *Aldrich* v. *Aldrich*, 215 Mass. 164, 169. See also note in 94 A. L. R. 1024, and note in 35 Harv. L. Rev. 348. It is clear, then, that if the existence of a duly executed lost or destroyed later will containing a revocation clause had been established at the original probate proceeding (nothing more appearing), the petitioner would have prevailed. Cf. *Pickens* v. *Davis*, 134 Mass. 252, 256–257. The next question is whether the issue may be raised in the present proceeding.

The salutary principle that a party who has had his day in court is not entitled to another is no less applicable to decrees of the Probate Court than to the judgments and decrees of other courts. *Zeitlin* v. *Zeitlin,* 202 Mass. 205. *Renwick* v. *Macomber,* 233 Mass. 530. *Stephens* v. *Lampron,* 308 Mass. 50. Nevertheless, decrees of the Probate Courts may be modified or vacated in certain narrowly circumscribed situations. It has been held that a probate decree may be revoked or modified on petition for any reason that would warrant a bill of review in equity, but not for other reasons. *Waters* v. *Stickney,* 12 Allen, 1. *Kennedy* v. *Simmons,* 308 Mass. 431, 433. *Royal* v. *Royal,* 324 Mass. 613, 618. *Stein* v. *Clark,* 326 Mass. 767, 769. Of the three grounds for a bill of review stated in *Boston & Maine R.R.* v. *Greenfield,* 253 Mass. 391, 397, the one most nearly applicable here is "new evidence not susceptible of use at the trial and coming to light after the decree." Although the petition before us could have been clearer, we think that it alleged in substance that the information concerning the existence of the later will did not come to the attention of the petitioner until after the entry of the decree of November 19, 1956, allowing the earlier will and codicil. The petition, therefore, set forth grounds sufficient to maintain a bill of review in equity. In *Waters* v. *Stickney,* 12 Allen, 1 (a leading case), it was held after full discussion that a Probate Court, after a decree allowing a will, could admit to probate a codicil which was discovered later. And in *Crocker* v. *Crocker,* 198 Mass. 401, it was said by Knowlton, C.J., at page 406, "It seems to us that there is no reason for doubt of the jurisdiction of the Probate Court . . . [to revoke its decree and make a new decree] if a will is discovered after the appointment of an administrator, or if a later will is discovered after the probate of an earlier one." The court's authority to revoke a decree allowing a will where there is due proof of a revocation clause in a later instrument stands on the same footing. The demurrers ought to have been overruled.

Two other decrees, from which the petitioner also ap-

pealed, require but a word or two. In one the executor was authorized to sell the real estate occupied by the testatrix at the time of her death for the sum of $14,500 which had been offered, for the reason that it was for the best interests of all concerned; in the other the executor was authorized to sell the testatrix's tangible personal property, consisting almost entirely of household furniture and furnishings, at public auction. With respect to both decrees the judge filed findings of material facts. There was no report of the evidence. The findings need not be set forth; it is enough to say that they furnished adequate support for the decrees entered and reveal no error of law. The license to sell real estate was clearly within the authority conferred by G.L. c. 202, § 19. See *Terry* v. *Terry*, 305 Mass. 113, 114–115. And the executor could have sold the personal property without any license from the court. *Jones* v. *Atchison, T. & S. F. R.R.* 150 Mass. 304, 307. Newhall, Settlement of Estates (4th ed.) § 111.

> *Decree sustaining demurrers and dismissing petition to revoke decree reversed.*
>
> *Decree on petition for license to sell real estate affirmed.*
>
> *Decree for authority to sell personal property affirmed.*