CYRIL W. BOXILL *vs.* EDWARD H. MALONEY, executor.

Middlesex.    March 8, 1961. — April 5, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Probate Court,* Revocation of decree.

No ground for revocation of a decree allowing a will was shown in a proceeding for revocation brought thirteen years later by an heir who had originally appeared to oppose the allowance of the will and had then had an opportunity to raise the issues sought to be raised in the revocation proceeding, but, after consulting counsel and being paid a substantial sum from the estate, had consented in writing to the allowance of the will.

PETITION filed in the Probate Court for the county of Middlesex on May 19, 1960.

The case was heard by *Monahan,* J.

*David H. Fulton,* for the respondent.

*Victor C. Bynoe,* for the petitioner.

———

CUTTER, J. This is a petition, to which the executor of the will of Lewis A. Cave is a party, brought on May 19, 1960, by Boxill, the natural son of Lillian A. Cave, to vacate a decree allowing her will. The will was dated May 18, 1928, and gave "all my property . . . to my husband, Lewis A. Cave," and nominated "my said husband" as executor. Lillian died July 30, 1946. Boxill caused an appearance to be entered for him in opposition to the allowance of the will. He also filed a petition for administration. This was dismissed on April 14, 1947, after Boxill had consulted with counsel and had been paid $1,500 from Lillian's estate, and had given written "consent to the allowance of . . . [the] will and the appointment of . . . Cave . . . as executor." The will was allowed on April 14, 1947, and Cave qualified as executor.

The petition to vacate was heard upon statements of counsel. The probate judge filed a report of material facts, after entering a decree vacating the allowance of the will. The evidence (i.e. statements in lieu of evidence) is reported. The facts, so far as stated by counsel, do not appear to be in dispute. See *Worcester County Trust Co.* v. *Marble,* 316 Mass. 294, 295. They are set out below on the basis of the report of material facts, supplemented by the statements of counsel.

Cave was married to a woman then living in the West Indies when he came here in 1910. His first wife died in 1923. Boxill was born in 1900, when Lillian was unmarried. In 1911 Lillian came to Boston from the West Indies. She lived here with Cave as man and wife, and together they worked, she as a cook and he as a butler, in the service of private families from 1911 to 1940. "They purchased real estate as husband and wife and . . . were [so] introduced." In 1940 when Lillian was unable to work any longer, she and Cave went to Rhode Island where they went through a ceremonial marriage, he stating that he was a widower and she that it was her first marriage. Boxill's contention is that this marriage revoked Lillian's will made in 1928. The probate judge found that the 1940 marriage

was Lillian's first marriage and Cave's second. Cave died on July 27, 1959.

Boxill has not alleged or proved any ground for revoking the 1947 decree allowing Lillian's will which would be a ground for a bill of review in equity. See *Stein* v. *Clark,* 326 Mass. 767, 769. Cf. *Agricultural Natl. Bank* v. *Bernard,* 338 Mass. 54, 57. No mistake of fact, fraud, or other equitable ground has been established for vacating that decree. There is no basis in this record for any conclusion that revocation of the 1947 decree is appropriate to afford Boxill an opportunity to present a meritorious case which in 1947 he had no opportunity to present. See *Reynolds* v. *Remick,* 333 Mass. 1, 9–10; Newhall, Settlement of Estates (4th ed.) § 28, and authorities there collected.

Where everything before the probate judge is before us and where he did not rely on any oral testimony, we are in the same position that he was, and have the same powers to determine facts and to exercise discretion. See *Stamper* v. *Stanwood,* 339 Mass. 549, 551. See also *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 178; *Gally, petitioner,* 329 Mass. 143, 145. If any discretion now exists (see *Stein* v. *Clark,* 326 Mass. 767, 769, *supra*) to revoke the 1947 decree, no occasion has been shown for exercising it.

We do not find it necessary now to decide whether Lillian and Cave were married in 1928, or whether the 1928 will was in contemplation of a later marriage. See G. L. c. 191, § 9. The record adequately establishes that in 1947 there were obvious uncertainties as to Boxill's rights, when he consented to the probate of Lillian's will, and that a reasonable basis existed for the decree then entered. Boxill in 1947, by the exercise of due diligence, could have presented the issues he now seeks to raise. He should not be allowed to raise them now by asking revocation of the decree then entered with his consent, even if, a matter which we need not decide, he is not now estopped to do so by his consent to the decree and waiver of appeal. See Page, Wills (3d ed.) § 623. See also *Kelley* v. *Peters,* 299 Mass. 166, 172. Cf. *Wyness* v. *Crowley,* 292 Mass. 461, 464; *Adoption of a*

*Minor,* 338 Mass. 635, 642–643.  Although there was no statutory compromise under G. L. (Ter. Ed.) c. 204, §§ 14, 15, the 1947 transaction has aspects of a compromise to which all possible finality should be given.

The decree is reversed.  A new decree is to be entered dismissing Boxill's petition.

*So ordered.*