FLORENCE A. DAVIS *vs.* HARRY PARKER, administrator. June 29, 1977. The plaintiff, Florence A. Davis (Davis), appeals from the denial of her petition to revoke the allowance of the will of Albert W. Westerberg, Jr., late of Wilbraham, Massachusetts. Davis claims that she was the common law wife of the decedent and that the will, which was allowed on October 16, 1973, had been revoked by virtue of her marriage to the decedent. She also asserts, although her petition is silent on the point, that she received inadequate notice of the hearing on the petition for the allowance of the will (after she had filed an appearance against it), and she claims error in the judge's failure to act on her request for rulings. The evidence is not reported; but the judge made a report of material facts pursuant to G. L. c. 215, § 11, as appearing in St. 1975, c. 400, § 58. In the circumstances under the familiar rule we accept the facts found as true unless the report itself indicates that they are mutually inconsistent or plainly wrong. If they are not, the only question is whether the decree entered is supported by the facts reported. *Sodones* v. *Sodones,* 366 Mass. 121, 126-127 (1974), and cases cited. Applying that test, we hold that there was no error in the denial of the petition. The decree allowing the will was a judgment in rem establishing the will against all the world; and the judge was not required as matter of law to vacate it even if the parties interested received no notice. *Tucker* v. *Bowen,* 354 Mass. 27, 32 (1968). The judge had discretionary power to reopen the case upon a showing that Davis's case was meritorious. *Lovell* v. *Lovell,* 276 Mass. 10, 11 (1931). See *Boxill* v. *Maloney,* 342 Mass. 399, 401 (1961). Whether Davis had a meritorious case turned upon the validity of her claim to be the decedent's widow by virtue of her having become his common law wife in Florida sometime prior to January 1, 1968, when Florida abolished that form of marriage. See Fla. Stat. § 741.211 (1975). The facts found by the judge support his conclusion that she was not. In light of the judge's rejection of Davis's claim that she was the decedent's wife, he correctly ruled in substance that she had no standing as an interested party to question the inadequacy of the notice of the hearing on the petition to revoke the allowance of the will. Newhall, Settlement of Estates § 36 (4th ed. 1958). There is no substance to Davis's claim of error in the judge's refusal to pass upon her request for rulings to which she appears to claim to be entitled

under the new rules of civil procedure. Those rules are inapplicable to this proceeding. *Richmond* v. *Richmond*, 370 Mass. 763, 766 (1976). Compare *DiGesse* v. *Columbia Pontiac Co. Inc.* 369 Mass. 99, 106 (1975). Even if we were to assume that she was entitled to the rulings requested (see *Worcester Bank & Trust Co.* v. *Ellis*, 292 Mass. 88, 94-95 [1935]), there is no showing on this record that she excepted to the judge's refusal. *Norcross* v. *Mahan*, 283 Mass. 403, 404 (1933). See *Graustein* v. *Dolan*, 282 Mass. 579, 583-584 (1933).

*Decree affirmed.*

The case was submitted on briefs.
*Louis Kerlinsky* for the plaintiff.
*S. Thomas Martinelli* for the defendant.

