MARY A. JORDAN & another *vs.* FRANCIS R. DOBROWSKI, executor.

October 6, 1986. *Probate Court,* Notice, Revocation of decree.

The petitioners, Mary A. Jordan and her sister, Margaret J. Zuckerman, appeal from a decree of the Probate Court. The decree denied their petition seeking to revoke Mr. Dobrowski's appointment as executor of an instrument allowed as the will of their cousin, Anna M. Rallis, to vacate the allowance of Mr. Dobrowski's final account and to revoke the allowance of the will.

A judge of the Probate Court held an evidentiary hearing on the petition and made "Findings of Fact and Conclusions of Law." Rallis, a resident of Dorchester, died on September 27, 1980. Her will, drawn by Mr. Dobrowski (and naming him executor), was dated August 22, 1979, and left her estate to two friends. The will made no mention of the petitioners, her cousins and only prospective heirs. When he filed the petition for probate on October 1, 1980, Mr. Dobrowski believed that Rallis' only heir was her cousin, Mary G. Jordan, the petitioners' mother. In fact, Mary G. Jordan had died in 1977, three years before her cousin.

Several weeks before Rallis' death, Mr. Dobrowski had filed a petition for the appointment of a conservator for her. In connection with this petition, he sent, as directed by the Probate Court, a citation by certified mail to "Mary [G.] Jordan" at the last address he had for Rallis' first cousin. That address was "1993 Grand Avenue, Bronx, New York, N.Y. 10453." Mr. Dobrowski apparently did not know that Mary G. Jordan had died. Although Mary A. Jordan had lived with her mother at that address, she had moved on August 8, 1980, about a month before Rallis died. She had requested that the post office forward her mail to her new address, and both her mail and

---

her mother's mail were forwarded to her. She claimed, however, that she never received notice of the certified letter containing the citation on the conservatorship petition.

When the certified letter was returned to Mr. Dobrowski, the return receipt indicated that three attempts had been made to deliver it. (The judge found that notices indicating that a certified letter was at the post office had been delivered.) In the corner of the envelope, someone had written what, with hindsight, we know to be Mary A. Jordan's new address but the address had a slash through it, and was somewhat cryptic.[1] Mr. Dobrowski ignored this information, if he saw it at all, and mailed notice of the petition seeking allowance of the will to the Grand Avenue address. This second notice, as directed by the citation, was sent by first class mail, see discussion in Massachusetts Probate Manual, II-17 (1985 ed.), and was also published in a local Dorchester newspaper. The letter was never returned to Mr. Dobrowski. Jordan claimed at the hearing that it never reached her. Zuckerman never received notice, and it appears her existence was unknown to Mr. Dobrowski. Despite these misadventures, Jordan and her sister both learned of their cousin's death approximately three months after it happened. Nevertheless, they waited two and one-half years before filing the present petition. By that time, the final account had been allowed.

In *Tucker* v. *Bowen*, 354 Mass. 27 (1968), the Supreme Judicial Court indicated (at 32-33) that a decree allowing a will should not be reopened unless there is shown either (1) fraud, or (2) a defect in notice combined with a substantial and meritorious claim attacking the validity of the will. The judge, with the agreement of counsel, limited the hearing below to the second point, the alleged deficiencies in the notice, thereby making irrelevant the question of fraud.

As to this part, " [t]he decree allowing the will was a judgment in rem establishing the will against all the world; and the judge was not required as matter of law to vacate it even if the parties interested received no notice." *Davis* v. *Parker*, 5 Mass. App. Ct. 850 (1977). See also *Tucker* v. *Bowen*, *supra*. The question whether to set aside the decree was committed to the sound discretion of the judge "to be exercised with very great caution." *Id.* at 34. " [I]n Massachusetts the power to revoke decrees allowing wills is probably exercised less freely than in some other jurisdictions and only after a stronger showing than is required in those jurisdictions." *Id.* at 32.

It would have been better for the judge to have weighed the petitioners' claim on the merits in evaluating the shortcomings in notice. However, as noted above, the hearing in this case was expressly limited by the judge (with the agreement of counsel) to the sole question whether the deficiencies

---

[1] After the street address was written "Bx 10461," and to the right of the address was the mysterious notation "B-A." The judge made a finding of fact that "Bx 10461" meant "Box 10461;" however, since Jordan testified at trial that "10461" was her zip code, it seems likely that "Bx" was used as an abbreviation of "Bronx."

in notice merited the relief sought. On that question, we perceive no abuse of discretion in the judge's decision.[2] Mr. Dobrowski could have been more diligent in ascertaining whether Mary G. Jordan was alive and, if not, whether she was survived by children. However, it appears that he proceeded in good faith to ascertain the existence of distant relatives with the somewhat limited information he had at hand. The new address of Jordan on the letter was enigmatic, and it confused even the judge. See note 1, *supra*. There is some indication that Jordan may have received the notice of probate of the will. Moreover, although Mr. Dobrowski was ignorant of the petitioners' existence, when he mailed notice of the petition for probate to "Mary Jordan," he took action which in the ordinary course would have sufficed to notify one of the petitioners. In any event, both petitioners had actual notice of Rallis' death in 1980, before the will was allowed. They chose to ignore that fact and to take no action for well over two years, waiting until the final account had been allowed to institute the present proceedings. This must be held strongly against them. Placed in perspective, the deficiencies in notice are much less serious than the mistake and neglect described in decisions such as *Lovell* v. *Lovell,* 276 Mass. 10 (1931), and *Tucker* v. *Bowen, supra.* Other arguments pressed by the cousins on appeal seek essentially to have this court make findings as to the credibility of Mr. Dobrowski's testimony that were rejected by the judge. That is not our function.

*Decree affirmed.*

*Stephen Gordon* for the petitioners.
*Howard J. Alperin* for the executor.

---

[2] The petitioners, represented by new counsel, initially argue that the notice given violates their constitutional right to due process of law. We do not reach the argument (which, in any event, appears dubious on the present record) as the question was not adequately raised below. See *Paro* v. *Longwood Hosp.,* 373 Mass. 645, 652 n.9 (1977).